a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC L. JACKSON, Petitioner | CIVIL ACTION NO. 1:18-CV-963-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Eric L. Jackson. ("Jackson") (#03936-087). Jackson is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Jackson challenges his sentence imposed in the United States District Court for the Northern District of West Virginia.

Because Jackson cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed.

I.  Background

Following a jury trial, Jackson was convicted of one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2000); one count of distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860; one count of possession with intent to distribute more than five grams of cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 860; and one count of possession with intent to distribute cocaine within 1000 feet of a

school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860. United States v. Jackson, 63 F. App'x 149 (4th Cir. 2003). Jackson was sentenced to 360 months in prison. Id.

According to his petition, Jackson did not appeal or file a motion under 28 U.S.C. § 2255. (Doc. 1, p. 4-5). However, court records and published jurisprudence indicate otherwise. Jackson's conviction and sentence were affirmed on direct appeal. Id., cert. denied, Jackson v. United States, 540 U.S. 934 (2003).

Jackson filed a motion to vacate, set aside, or correct sentence under § 2255, which was denied. Jackson v. United States, 5:04-cv-113, 2007 WL 1726442 (N.D. W.Va. June 12, 2007). The United States Fourth Circuit Court of Appeals denied Jackson's motion for certificate of appealability. United States v. Jackson, 286 F. App'x 49 (4th Cir. 2008).

Jackson filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was denied because the new sentencing guidelines had no effect on Jackson's base offense level under the drug quantity table. (5:01-cr-004, N.D. W.Va., Doc. 158). The Fourth Circuit affirmed the ruling. (5:01-cr-004, N.D. W.Va., Doc. 167). Jackson filed three additional letters/motions in the district court seeking a reduction of his sentence, which were denied on the same grounds as the original motion. (5:01-cr-004, N.D. W.Va., Doc. 182).

Jackson filed another motion to vacate under § 2255, alleging that he was entitled to resentencing under Johnson v. United States, 135 S. Ct. 2551 (2015). The motion was denied because Jackson was not sentenced as a career offender or an

Armed Career Criminal, so Johnson was inapplicable. (5:01-cr-004, N.D. W.Va., Doc. 211).

## II. Law and Analysis

### A. Jackson cannot meet the requirements of the savings clause.

Jackson seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Jackson claims he is entitled to proceed under the savings clause through Mathis v. United States, 136 S. Ct. 2243 (2016). However, Mathis does not set forth a new rule of constitutional law that has been made retroactive to cases on collateral

review.  See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent.  See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Because Jackson cannot meet the savings clause, this Court lacks jurisdiction to consider the merits of his claim.

III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Jackson's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Jackson's claim.[1]

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of September, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge